# United States District Court
## Western District of Wisconsin

| | |
|---|---|
| UNITED STATES OF AMERICA | **AMENDED JUDGMENT IN A CRIMINAL CASE** |
| | (for offenses committed on or after November 1, 1987) |
| | RE-SENTENCING |
| V. | **Case Number:** 07-CR-141-S-001 |
| THERESA L. ALLDREDGE | **Defendant's Attorney:** Kelly A. Welsh |

The defendant, Theresa L. Alldredge, pleaded guilty to count 1 of the indictment.

Counts 2 and 5 of the indictment are dismissed on the motion of the United States.

**ACCORDINGLY**, the court has adjudicated defendant guilty of the following offense(s):

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. § 472 | Possession and Distribution of Counterfeit Reserve Notes, a Class C felony | July 7, 2007 | 1 |

The defendant is sentenced as provided in pages 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

**IT IS FURTHER ORDERED** that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances.

| | | | |
|---|---|---|---|
| **Defendant's Date of Birth:** | November 15, 1965 | | February 20, 2009 |
| **Defendant's USM No.:** | 06543-090 | | Date of Imposition of Judgment |
| **Defendant's Residence Address:** | 3047 10th Avenue<br>Grand Marsh, WI 53936 | | /s/ Barbara B. Crabb |
| **Defendant's Mailing Address:** | 3047 10th Avenue<br>Grand Marsh, WI 53936 | | Barbara B. Crabb<br>District Judge |
| | | | February 24, 2009 |
| | | | Date Signed: |

Case: 3:07-cr-00141-bbc Document #: 87 Filed: 02/24/09 Page 2 of 6

AO 245 B (Rev. 3/01)(N.H. Rev.)     DEFENDANT: THERESA E. ELDREDGE     CASE NUMBER: **07-CR-141-S-001**     Amended Judgment - Page 2

# IMPRISONMENT

As to count 1 of the indictment, it is ordered that defendant is committed to the custody of the Bureau of Prisons for imprisonment for a term of 9 months.

# RETURN

**I have executed this judgment as follows:**

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

UNITED STATES MARSHAL

By _____

Deputy Marshal

# SUPERVISED RELEASE

The term of imprisonment is to be followed by a three-year term of supervised release subject to the standard conditions.

Defendant shall report to the probation office in the district to which defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

Defendant shall not commit another federal, state, or local crime.

Defendant shall not illegally possess a controlled substance.

If defendant has been convicted of a felony, defendant shall not possess a firearm, destructive device, or other dangerous weapon while on supervised release.

Defendant shall cooperate with the collection of DNA by the U.S. Justice Department and/or the U.S. Probation and Pretrial Services Office as required by Public Law 108-405.

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Financial Penalties sheet of this judgment.

Defendant shall comply with the standard conditions that have been adopted by this court (set forth on the next page).

In light of the nature of the offense and defendant's history of substance abuse, the following special conditions are appropriate. Defendant is to:

1. Spend the first two months of her supervision in ARC Community Services, Inc., 2009 East Dayton Street, Madison, WI 53704. Defendant may be absent from the center for employment purposes, for mental health counseling and treatment and for passes consistent with program rules. Defendant is pay her own medical expenses, if any, and is to pay 25% of her gross income toward the daily cost of residence;

2. Register with local law enforcement agencies and the state attorney general, as directed by the supervising U.S. probation officer;

3. Provide the supervising U.S. probation officer any and all requested financial information, including copies of state and federal tax returns;

4. Refrain from incurring new credit charges, opening additional lines of credit or opening other financial accounts without the prior approval of the supervisng U.S. probation officer;

5. Submit her person, property, residence, office or vehicle to a search conducted by a U.S. probation officer at a reasonable time and in a reasonable manner, whenever the probation officer has reasonable suspicion of contraband or of the violation of a condition of release; failure to submit to a search may be a ground for revocation; defendant shall warn any other residents that the premises she is occupying may be subject to searches pursuant to this condition; and

6. Abstain from the use of alcohol and illegal drugs and from association with drug users and sellers and participate in substance abuse treatment. Defendant shall submit to drug testing beginning within 15 days of her release and 60 drug tests annually thereafter. The probation office may utilize the Administrative Office of the U.S. Courts' phased collection process.

# STANDARD CONDITIONS OF SUPERVISION

1) Defendant shall not leave the judicial district without the permission of the court or probation officer;

2) Defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) Defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) Defendant shall support his or her dependents and meet other family responsibilities;

5) Defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) Defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) Defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute or administer any narcotic or other controlled substance, or any paraphernalia related to such substances except as prescribed by a physician;

8) Defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) Defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

10) Defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

11) Defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) Defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13) As directed by the probation officer, defendant shall notify third parties of risks that may be occasioned by defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm defendant's compliance with such notification requirement.

# CRIMINAL MONETARY PENALTIES

Defendant shall pay the following total financial penalties in accordance with the schedule of payments set forth below.

| Count | Assessment | Fine | Restitution |
|---|---|---|---|
| 1 | $100.00 | $0.00 | $500.00 |
| **Total** | $100.00 | $0.00 | $500.00 |

It is adjudged that defendant is to pay a $100 criminal assessment penalty to the Clerk of Court for the Western District of Wisconsin immediately following sentencing.

Defendant is to pay restitution in the amount of $500 to the Clerk of Court for the Western District of Wisconsin as indicated below. Her restitution obligation to Ho-Chunk Casino is joint and several with co-defendants Fellows and Henrickson. The restitution owed to the Corner Stop gas station is defendant's sole responsibility.

| | |
|---|---|
| Ho-Chunk Casino<br>Attn: Jeffrey Barrick<br>S3214 US Hwy. 121<br>Baraboo, WI 53913 | $300.00 |
| Corner Pump Gas Station<br>Attn: Kandace Theisen<br>3303 South 13<br>Wisconsin Dells, WI 53965 | $200.00 |

No interest is to accrue on any unpaid portion of the restitution obligation.

Defendant does not have the economic resources to allow her to make full payment of the restitution obligation in the foreseeable future under any reasonable schedule of payments. Under 18 U.S.C. § 3664(f)(3)(B), she is to make nominal payments of a minimum of $50 each month beginning within 30 days of her release from custody.

Defendant does not have the means to pay a fine under § 5E1.2(c) without impairing her ability to support herself and her family upon release.

# SCHEDULE OF PAYMENTS

Payments shall be applied in the following order:

　　　　　　　　　　　　　　　　(1) assessment;
　　　　　　　　　　　　　　　　(2) restitution;
　　　　　　　　　　　　　　　　(3) fine principal;
　　　　　　　　　　　　　　　　(4) cost of prosecution;
　　　　　　　　　　　　　　　　(5) interest;
　　　　　　　　　　　　　　　　(6) penalties.

The total fine and other monetary penalties shall be due in full immediately unless otherwise stated elsewhere.

Unless the court has expressly ordered otherwise in the special instructions above, if the judgment imposes a period of imprisonment, payment of monetary penalties shall be due during the period of imprisonment.  All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of court, unless otherwise directed by the court, the probation officer, or the United States Attorney.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

In the event of a civil settlement between victim and defendant, defendant must provide evidence of such payments or settlement to the Court, U.S. Probation office, and U.S. Attorney's office so that defendant's account can be credited.