IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                Plaintiff,                              ORDER

      v.                                          07-CR-141-bbc-01

THERESA L. ALLDREDGE,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      A hearing on the probation office's petition for judicial review of Theresa L. Alldredge's supervised release was held on June 23, 2010, before United States District Judge Barbara B. Crabb. The government appeared by Assistant United States Attorney Grant C. Johnson. Defendant was present in person and by counsel, Associate Supervisory Defender Kelly A. Welsh. Also present was Assistant Deputy Chief U.S. Probation Officer Paul J. Reed.

      From the record and defendant's stipulation, I make the following findings of fact.

FACTS

      Defendant was sentenced in the Western District of Wisconsin on April 24, 2008, following her conviction for possession and distribution of counterfeit reserve notes, in

violation of 18 U.S.C. § 472. This offense is a Class C felony. She was committed to the custody of the Bureau of Prisons to serve a term of imprisonment of 15 months, with a three-year term of supervised release to follow. She was ordered to pay restitution in the amount of $500. On February 20, 2009, defendant's sentence was amended to 9 months' imprisonment to be followed by a three-year term of supervised release.

Defendant began her term of supervised release on February 20, 2009. On April 14, 2009, her conditions were modified to extend her placement at ARC Community Services, Inc., to allow her time to secure a residence and employment.

Defendant violated Standard Condition No. 3 requiring her to follow the instructions of the probation officer when she failed to contact the probation officer on August 14, 2009, as instructed. Further evidence of this violation include her admission on August 18, 2009, that she failed to look for employment as instructed; her admission on October 7, 2009, that she failed to fill out job applications as instructed; and her November 3 and December 10, 2009, admissions that she failed to report to Wisconsin Job Service Center and failed to obtain free business clothing as instructed. Defendant also admitted on May 26, 2010, that she failed to seek employment and failed to report to Wisconsin Job Service Center as instructed.

Defendant violated Standard Condition No. 9, prohibiting her from associating with convicted felons, as evidenced by her March 2, 2010, admission to having regular contact

with convicted felon Chistopher D. Pelger.

In May 2010, defendant violated the mandatory condition prohibiting her from committing a local crime when she denied to a local law enforcement officer that a runaway juvenile was in her home. On May 17, 2010, she was issued a $389 citation for obstructing/resisting an officer.

In May 2010, defendant violated Standard Condition No. 4, requiring her to support her dependents and meet other family responsibilities, when she allowed her unlicensed juvenile son to operate her automobile, which resulted in a hit and run accident and property damage.

Defendant's conduct falls into the category of a Grade C violation. Section 7B1.1(a)(3) of the advisory guidelines provides that the court has the discretion to revoke supervised release, extend it or modify the conditions of release upon the finding of a Grade C violation.

CONCLUSIONS

Defendant's violations warrant revocation. Accordingly, the three-year term of supervised release imposed on defendant on February 20, 2009 will be revoked.

Defendant's criminal history category is I. With a Grade C violation category of I, defendant has an advisory guideline range of 3 to 9 months. The statutory maximum to

which defendant can be sentenced upon revocation is 24 months because this offense is a Class C felony.

After reviewing the non-binding policy statements of Chapter 7 of the Sentencing Guidelines, I have selected a sentence at the bottom of the guideline range. The intent of this sentence is to hold defendant accountable for her violations.

ORDER

IT IS ORDERED that the period of supervised release imposed on defendant on February 20, 2009, is REVOKED and defendant is committed to the custody of the Bureau of Prisons for a term of three months with no supervised release to follow.

Defendant does not have the financial means or earning capacity to pay the cost of her incarceration.

Defendant is neither a flight risk nor a danger to the community. Therefore, execution of the sentence is continued until July 9, 2010, when defendant is to report between the hours of 10:00 a.m. and noon to an institution to be designated by further order of the

4

court. All conditions of supervised release remain in effect until defendant has reported as directed.

Entered this 24th day of June, 2010.

BY THE COURT:
/s/
BARBARA B. CRABB
U.S. District Judge

5